**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:20-CV-00316-GCM**

| | |
|---|---|
| **ELIZABETH DAWSON,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **KILOLO KIJAKAZI,** | |
| **Defendant.** | |

      **THIS MATTER** comes before the Court on cross-motions for summary judgment by the Plaintiff (ECF No. 12) and Defendant (ECF No. 14). After Dawson raised a constitutional challenge to the tenure protections of the Commissioner of the Social Security Administration in her reply brief, the Court ordered additional briefing on the topic. The parties having complied, the matter is now ripe for disposition. For the reasons described below, the Court will grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and reverse the decision of the Commissioner.

## I.     BACKGROUND

      Elizabeth Dawson is a 36-year-old woman. In July 2014, she applied to the Social Security Administration for disability insurance benefits and Supplemental Security Income (SSI). Her application was denied initially and upon reconsideration. Dawson sought and obtained an administrative hearing. The ALJ concluded that Dawson was not disabled under the meaning of the Social Security Act. Upon review by the Appeals Council, her case was remanded for a new hearing.

A second hearing was conducted on September 26, 2019. After that hearing, the ALJ again found that Dawson was not disabled. After the Appeals Council denied review, Dawson sought judicial review in this Court pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## III.    DISCUSSION

### a.  Legal Background

The Social Security Administration employs a five-step process to determine whether a claimant is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4) (2021). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity, i.e., whether they are working. Next, the Commissioner considers whether the claimant has a severe impairment, or impairments that are severe in combination. Then the Commissioner considers "the Listings," a category of impairments that are so severe that the claimant is automatically deemed to be disabled. Fourth, the Commissioner determines the claimant's "Residual Functional

Capacity" (RFC), defined as what a claimant "can still do despite his limitations." *Id.* § 404.1545(a). Finally, the Commissioner considers whether the claimant can perform other jobs in the local or national economy. The plaintiff carries the burden at the first four steps; the government carries the burden at the last. *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

During the five-step process after Dawson's second hearing, the administrative law judge (ALJ) concluded that Dawson had severe impairments, including diabetes, bipolar disorder, borderline personality disorder, Tourette's syndrome, posttraumatic stress disorder (PTSD), learning disorder, and substance abuse. A.R. 18.[1] At Step Four, the ALJ deemed Dawson capable of "light work." A.R. 19. At Step Five, the ALJ found that suitable jobs existed in the national economy for Dawson. Accordingly, he denied the application for disability insurance and SSI. A.R. 25.

Dawson raises four arguments on appeal to this Court. She argues that (1) remand is necessary because the tenure protections enjoyed by the Commissioner are unconstitutional; (2) the ALJ used an inadequate RFC; (3) the ALJ gave insufficient weight to the opinion of one of her treating physicians; and (4) the ALJ wholly failed to weigh another treating physician's opinion.

### b. Constitutional Challenge

The Court will begin with Dawson's constitutional challenge, which was raised in the first instance in Dawson's reply to the Commissioner's motion for summary judgment. Dawson claims that allegedly unconstitutional[2] tenure protections enjoyed by the Commissioner deprived her of a

---

[1] Citations to A.R. refer to the administrative record.

[2] Dawson cites an advisory opinion from the White House Office of Legal Counsel. *See* Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __, 2021 WL 2981542 (July 8, 2021). While the opinion is authoritative in its source and persuasive in its reasoning, OLC opinions are not binding on this Court. *See Casa de Maryland v. United States Dep't of Homeland Sec.*, 924 F.3d 684, 692 n.1 (4th Cir. 2019). The parties may agree that the Commissioner's removal provisions are unconstitutional, but the Court does not so hold.

"valid administrative adjudicatory process," and urges remand on that basis. ECF No. 21 at 3. The Commissioner concedes that the tenure protections of 42 U.S.C. § 902(a)(3) are unconstitutional, but argues that it does not follow that a new hearing is required. ECF No. 20 at 1. Setting aside the merits of their constitutional arguments, both parties agree that "issues raised in a reply are waived absent rare circumstances." ECF No. 21 at 3 (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006). Nevertheless, Dawson urges the Court to exercise discretion in considering her constitutional argument.

The Court will decline to do so. Under the doctrine of constitutional avoidance, federal courts should avoid rendering constitutional rulings unless absolutely necessary. *See Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 156–57 (4th Cir. 2010); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law* 426 (2012) ("[A] case should not be resolved by deciding a constitutional question if it can be resolved in some other fashion."). Here, it is not necessary to consider the constitutional argument for two reasons. First, it was waived by Dawson's failure to raise it in her principal brief. And second, remand is necessitated by other, non-constitutional grounds. The Court turns to those grounds now.

### c. Treating Physician Rule

As a reminder, Dawson argued that the ALJ erred by wholly failing to weigh the opinion of one of her treating physicians. That physician was Dr. Kendall, a psychologist who treated Dawson between 2003 and 2013. A.R. 507, 509. In her application for Social Security benefits, Dawson included 143 pages of treatment notes from Dr. Kendall. *See* A.R. 507–649. Many of the notes appear to simply record what Dawson said during treatment sessions. *See, e.g.*, A.R. 589. However, other notes include Dr. Kendall's interpretations of Dawson's behaviors and a diagnosis for borderline personality disorder. A.R. 507–09. In his hearing decision, the ALJ referenced

treatment with Dr. Kendall, noting that Dr. Kendall had diagnosed borderline personality disorder and describing Dawson's compliance with treatment sessions. A.R. 21. But the ALJ did not discuss what weight he assigned to Dr. Kendall's opinions. *See* A.R. 22–23.

Ordinarily, an ALJ must give more weight (and sometimes *controlling* weight) to the medical opinions of a treating physician. *See Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017). This is because a treating physician is best able to "provide a detailed, longitudinal picture" of the claimant's impairments. *See id.*; 20 C.F.R. § 404.1527(c)(2).[3] When an ALJ fails to explicitly indicate the weight that he or she gives to all of the relevant evidence, the ALJ's decision is not supported by substantial evidence. *See Moore v. Saul*, 822 F. App'x 183, 185 (4th Cir. 2020) (citing *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984)).

The Commissioner does not dispute that the ALJ in this case failed to assign a weight to Dr. Kendall's opinion. Instead, she argues that the ALJ was not required to assign any weight, because Dr. Kendall did not offer any medical opinions. ECF No. 15 at 15–16. Specifically, the Commissioner argues that because Dr. Kendall never purported to state any work-related limitations, her treatment records do not qualify as medical opinions. *Id.*

The Commissioner misreads the regulations. A medical opinion is defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(c), 416.927(c). Under this definition, medical opinions are not limited to those that outline work-related limitations. *See Holmes v. Colvin*, Civil No. 3:14cv185, 2014 U.S. Dist. LEXIS 179662, at *35

---

[3] 20 C.F.R. § 404.1527 has been replaced by 20 C.F.R. § 404.1520(c), but continues to apply to Social Security claims filed before March 27, 2017.

(E.D. Va. Dec. 8, 2014), *adopted by* 2015 U.S. Dist. LEXIS 1467 (E.D. Va. Jan. 6, 2015). Plainly read, a medical opinion is simply one that "reflect[s] judgments about the nature and severity" of an impairment. *See id*.

With this definition in mind, the Court turns to Dr. Kendall's records. Many of her notes do not appear to reflect medical judgments because they simply memorialize what Dawson told her. *See*, *e.g.*, A.R. 521 (recording patient's trouble with her brother's wedding). Such notes do not qualify as medical opinions. *See Britt v. Saul*, No. 19-2177, 2021 WL 2181704, at *4 (4th Cir. May 28, 2021) (concluding that "mere observations" and "recorded subjective complaints" do not constitute "judgments about the nature and severity" of impairments). However, other notes do. For example, Dr. Kendall diagnosed borderline personality disorder, and wrote that Dawson's "executive functioning and time management problems" were worsened by her "ongoing anxiety and depression." *See* A.R. 507–08. These types of notes do constitute medical opinions because they reflect judgments about the nature and severity of Dawson's impairments.

Because at least some of Dr. Kendall's records constituted medical opinions, and because Dr. Kendall was Dawson's treating physician, the ALJ erred by failing to explicitly indicate the weight that he gave to her opinion. The failure to do this deprived his decision of substantial evidence.[4] *See Moore*, 822 F. App'x at 185.

## IV.    ORDER

Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED**. Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's decision is

---

[4] The Commissioner did not argue harmless error. Because the government bears the burden of establishing that error is harmless, the Court will not consider whether the ALJ's failure to assign weight to Dr. Kendall's opinion was harmless. *See Thomas v. Berryhill*, 916 F.3d 307, 314 n.7 (4th Cir. 2019).

**REVERSED**, and the matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42

U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order

to counsel for the parties.

       **SO ORDERED.**


Signed: November 22, 2021

Graham C. Mullen
United States District Judge